IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRAVELERS INDEMNITY COMPANY;
TRAVELERS INDEMNITY COMPANY
OF AMERICA;
CHARTER OAK FIRE INSURANCE COMPANY;
FIREMAN'S FUND INSURANCE COMPANY;
BEDIVERE INSURANCE COMPANY;
and QBE INSURANCE COMPANY;

      Plaintiffs,

v.                                                            No. 15-cv-1012 SMV/GBW

BRIGHT STAR DAIRY;
DAYBREAK DAIRY, LLC; DEL ORO DAIRY;
DEL ORO REAL ESTATE, LLC;
DEL NORTE DAIRY, LLC;
DOMINGUEZ FARMS, INC.;
GONZALEZ DAIRY, INC.;
GONZALEZ FAMILY DAIRY, LLC;
MOUNTAIN VIEW DAIRY;
MOUNTAIN VIEW DAIRY, LLC;
ANGIE DERUYTER; CORRY DERUYTER;
EDWARD DERUYTER; JOHN DERUYTER;
BRANDI GORZEMAN; JON GORZEMAN;
and JERRY SETTLES;

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Complaint [Doc. 1], filed by Plaintiffs on November 6, 2015. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege

the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order Plaintiffs to file an amended complaint no later than **December 17, 2015**, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## BACKGROUND

On November 6, 2015, Plaintiffs filed their Complaint, asserting jurisdiction based on diversity of citizenship. [Doc. 1] at 2–3. Plaintiffs allege that the amount in controversy exceeds $75,000 and that they are citizens of Connecticut, California, and Pennsylvania. *Id.* at 3–4. Plaintiffs allege that certain Defendant LLCs, partnerships, and one sole proprietorship were "created under the laws of the State of New Mexico" and have their principal places of business in New Mexico. *Id.* at 4–6. Plaintiffs additionally allege that the individual Defendants are "residents" of New Mexico. *Id.* However, Plaintiffs do not allege the citizenship of the members of the Defendant LLCs, the partners of the Defendant partnerships, the sole proprietor, or the individual Defendants. *See id.*

## LEGAL STANDARD

A plaintiff is required to assert the basis of subject matter jurisdiction in its complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that, indeed, it has subject matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. Co. v. Motley*, 211 U.S. 149, 152 (1908).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a). Determining the citizenship of a partnership or a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated *and* in which it maintains its principal place of business. *See* § 1332(c). Partnerships, however, are citizens of every state in which any of its partners is a citizen. *Ravenswood Inv. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1222 (10th Cir. 2011). Similarly, limited liability companies are citizens of every state in which any of its members is a citizen. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (2015).

Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs*, 781 F.3d at 1238. Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when such residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Here, the facts set forth in the Complaint do not sufficiently establish the citizenship of Defendants Bright Star Dairy; Daybreak Dairy, LLC; Del Oro Dairy; Del Oro Real Estate, LLC; Del Norte Dairy, LLC; Gonzalez Family Dairy, LLC; and Mountain View Dairy, LLC, because they do not allege the citizenship of each and every partner or member. Furthermore, the

3

Complaint fails to allege the citizenship of the sole proprietor of Mountain View Dairy.  Finally, the Complaint fails to allege the citizenship (as opposed to residence) of Defendants Angie Deruyter, Corry Deruyter, Edward Deruyter, John Deruyter, Brandi Gorzeman, Jon Gorzeman, and Jerry Settles.  *See generally Siloam Springs*, 781 F.3d at 1239 (holding that "the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint").

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiffs shall amend their Complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **December 17, 2015**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **December 17, 2015**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**